IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **VINCENT EDWARD DAVIS,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:24-cv-701-ACA |
| ] | |
| **ALABAMA POWER COMPANY, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

In May 2024, Plaintiff Vincent Edward Davis, proceeding *pro se*, filed a complaint against Defendants Alabama Power Company, "I Ripon" Britton, Jr., Tammie Godfrey, John Naftel II, and Gina Childress, alleging that (1) Alabama Power unlawfully turned off his power after he paid his bill; (2) Mr. Britton unlawfully had Mr. Davis's lights and water turned off; (3) Ms. Godfrey falsified and filed a petition in probate court without jurisdiction, leading to Mr. Davis's mother being held in a facility against a doctor's orders; (4) Mr. Naftel conspired with Ms. Godfrey to falsify the petition and cover up a criminal act; and (5) Ms. Childress conspired with Ms. Godfrey and Mr. Naftel to falsify the petition. (Doc. 1 at 2–3, 5). The court granted Mr. Davis leave to proceed *in forma pauperis* but determined that the basis for the court's subject matter jurisdiction was unclear. (Doc. 3). The court therefore ordered Mr. Davis to file an amended complaint clearly

identifying the basis for the court's subject matter jurisdiction. (*Id.*). In response, Mr. Davis moved to file an amended complaint that, in addition to incorporating the initial complaint (doc. 4 at 3), adds a new plaintiff (his mother, Mildred Davis), two defendants (Birmingham Water Works and Diane Dunning), and three claims (fraud under 8 U.S.C. § 1324c,[1] fraud under 8 U.S.C. § 1324(b) and 18 U.S.C. § 242, and deprivation of rights under 42 U.S.C. § 1983) (*id.* at 3–4). Because the court already ordered Mr. Davis to amend his complaint, the court **FINDS AS MOOT** the motion to amend and considers the filing to be Mr. Davis's amended complaint.

As an initial matter, the court **STRIKES** Mildred Davis as a plaintiff in this case. Ms. Davis did not sign the amended complaint. (*See* doc. 4 at 10). And Mr. Davis cannot bring a lawsuit on her behalf. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (holding that the statute that permits parties to proceed *pro se* provides "a personal right that does not extend to the representation of the interests of others").

Next, the court turns to its subject matter jurisdiction, which the court must evaluate on its own initiative. *See DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) ("Federal courts have an obligation to examine *sua sponte* their own

---

[1] Mr. Davis cites 8 U.S.C. § 1324(c), but that provision relates to the Attorney General's exclusive authority to make arrests for violations of a particular section of the Immigration and Nationality Act. The court believes Mr. Davis intended to rely on 8 U.S.C. § 1324c, which sets out "[p]enalties for document fraud."

jurisdiction over a case, notwithstanding the contentions of the parties."). The court already determined that Mr. Davis's initial complaint failed to adequately allege a basis for the court's subject matter jurisdiction. (Doc. 3 at 2–4). Accordingly, to the extent Mr. Davis attempted to incorporate the initial complaint into his amended complaint, that attempt does not satisfy this court of its jurisdiction.

In Mr. Davis's amended complaint, he asserts that the court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), which gives the court jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 in certain circumstances, and under 18 U.S.C. § 1002, which makes it a crime to possess false papers to obtain from the United States any sum of money. (Doc. 4 at 2). Neither of these provisions establishes the court's subject matter jurisdiction over this case. This is not a class action, so the Class Action Fairness Act does not give the court jurisdiction. *See* 28 U.S.C. § 1332(d). And Mr. Davis's invocation of 18 U.S.C. § 1002 is "clearly immaterial" to his claims. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1531 n.7 (11th Cir. 1990) (holding that the court lacks subject matter jurisdiction where the federal "claims are clearly immaterial").

Mr. Davis also invokes the court's jurisdiction in his three new claims. (Doc. 4 at 3–4). But again, his citation to federal statutes is "clearly immaterial." *See Lawrence*, 919 F.2d at 1531 n.7. The first count relies on 8 U.S.C. § 1324c, but that statute makes it unlawful to commit various forms of document fraud to obtain a

benefit under the Immigration and Nationality Act. (Doc. 4 at 3–4). The second count relies on 8 U.S.C. § 1324(b), but that subsection addresses seizure and forfeiture of conveyances used to bring in or harbor certain aliens. (*Id.* at 4). The second count also relies on 18 U.S.C. § 242, which makes it a crime to, under color of law, deprive a person of rights, privileges, or immunities on account of that person being an alien or based on the person's color or race. (*Id.* at 2, 4). But none of Mr. Davis's allegations relate to that crime. (*See generally* doc. 4). Finally, the third count cites to 42 U.S.C. § 1983 without any indication of what right the defendants violated. (*Id.* at 4). The court finds that the citations to federal statutes are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous." *Lawrence*, 919 F.2d at 1531.

Mr. Davis's amended complaint does not establish that this court has subject matter jurisdiction over the lawsuit. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this August 5, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE